UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
Jeffrey Deutchman and Debra Deutchman,  :
                                       :
           Plaintiffs,          :          **SUMMARY ORDER**
                                         :          07-CV-3539 (DLI) (RER)
        -against-          :
                                         :
Express Scripts, Inc. and Central Fill, Inc.,  :
                                       :
          Defendants.       :
--------------------------------------------------------x
**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiffs Jeffrey and Debra Deutchman, both New York citizens, filed this action in New York Supreme Court, Queens County, on July 25, 2007 against defendants, Express Scripts, Inc., a Delaware corporation with its principal place of business in Missouri, and Central Fill, Inc., a Pennsylvania corporation with its principal place of business in Pennsylvania, alleging that defendants negligently filled and refilled Mr. Deutchman's prescription for "lanthanum carbonate" with "lithium carbonate," causing injury to Mr. Deutchman and loss of his "services, support, society, companionship, and consortium" to Mrs. Deutchman. (Compl. at ¶¶ 29.) Defendants removed the case to this court on August 23, 2007, pursuant to 28 U.S.C. §§ 1332 and 1441, and filed their answer on August 30, 2007. On September 26, 2007, defendants requested leave to file a motion, pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, to implead the prescribing doctor, Dr. Heino R. Anto, a New York citizen, as a third-party defendant. At a pre-motion conference held on November 1, 2007, the court granted defendants leave to make their motion. On November 26, 2007, plaintiffs cross-moved to include Dr. Anto as a defendant to the original complaint. For the reasons set forth below, defendants' motion to implead Dr. Anto as a third-party defendant is granted, and plaintiffs' motion to add Dr. Anto as a defendant to the original complaint is denied.

**I.     Defendants' Motion to Implead Dr. Anto as a Third-Party Defendant**

Defendants have moved to file a third-party complaint against Dr. Anto for indemnification and contribution because they believe that Dr. Anto's negligence, rather than their own, is responsible for the damages that plaintiffs allege to have suffered.  Rule 14(a) allows a defendant "as third-party plaintiff, [to] serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a).  "But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer."  *Id*.  "The general purpose of Rule 14(a) is to serve judicial economy, discourage inconsistent results, and limit the prejudice incurred by a defendant by removal of the time lag between a judgment against the defendant and a judgment over against a third-party defendant."  *Int'l Paving Systems, Inc. v. Van-Tulco, Inc.*, 866 F. Supp. 682, 686 (E.D.N.Y. 1994) (citations omitted).

Defendants moved to serve Dr. Anto more than ten days after they answered the plaintiffs' complaint.  As such, the decision to allow the third-party complaint rests with the court.  In such situations, the court "must balance the benefits of settling related matters in one suit against the possible prejudice to the plaintiff and the third-party defendant."  *Id*. at 687 (citations omitted).  As one district court recently explained:

> [T]imely motions for leave to implead third parties should be freely granted . . .
> unless to do so would prejudice the plaintiff, unduly complicate the trial, or would
> foster an obviously unmeritorious claim.  Relevant factors in determining whether
> to grant leave to implead include:
>> (i)     whether the movant deliberately delayed or was derelict in
>>          filing the motion;
>> (ii)    whether impleading would unduly delay or complicate the
>>          trial;
>> (iii)   whether impleading would prejudice the third-party
>>          defendant; and

(iv)    whether the third-party complaint states a claim upon which relief can be granted.

*Nova Products, Inc. v. Kisma Video, Inc*., 220 F.R.D. 238, 240 (S.D.N.Y. 2004) (quotation marks and citations omitted).  The traditional grounds for allowing a defendant to implead a third party-defendant are indemnification, contribution, or subrogation.  *Doucette v. Vibe Records, Inc.*, 233 F.R.D. 117, 120 (E.D.N.Y. 2005).  "That said, regardless of the type of claim asserted . . . '[t]he outcome of the third-party claim must be contingent on the outcome of the main claim.'"  *Id*. (citations omitted).  Although impleader is proper only when a right to relief exists under the applicable substantive law, "a motion to implead presents a procedural question 'distinct' from the issue of whether a third-party complaint alleges a substantive claim."  *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 n.2 (2d Cir. 2002) (citing *Bank of India v. Trendi Sportswear, Inc*., 239 F.3d 428, 437-38 (2d Cir. 2000).

Plaintiffs initially argued that defendants should not be allowed to serve a third-party complaint on Dr. Anto because:  (1) defendants deliberately delayed impleading Dr. Anto to gain an unfair advantage; (2) impleading Dr. Anto would unduly delay and complicate the trial; (3) impleading Dr. Anto would prejudice plaintiffs; (4) defendants cannot state a claim upon which relief can be granted against Dr. Anto; and (5) the impleader would destroy diversity of citizenship between the parties.  In seeking to amend their complaint to include Dr. Anto as a defendant, however, plaintiffs essentially concede that Dr. Anto's presence in the litigation will not prejudice them or unduly delay or complicate the trial, and that defendants have asserted a viable claim against Dr. Anto.  Moreover, a third-party claim for indemnification and contribution falls within the court's ancillary jurisdiction, and may be considered by the court

regardless of whether plaintiffs are citizens of the same state as the third-party defendant. *Bank of India*, 239 F.3d at 436-37.

Plaintiffs' sole remaining argument in opposition to defendants' motion is that plaintiffs would be prejudiced if the court grants defendants' motion, but denies plaintiffs' cross-motion to join Dr. Anto as an original defendant because plaintiffs would not be able to recover damages in the event that a jury found Dr. Anto to be wholly liable for plaintiffs' injury. Plaintiffs' reasoning is circuitous. Any verdict finding that Dr. Anto is wholly liable for plaintiffs' injuries necessarily entails a finding that defendants are *not* liable. Plaintiffs cannot claim to be prejudiced by the possibility of a jury finding that the parties they chose to sue are not responsible for their injuries. Accordingly, defendants' motion to implead Dr. Anto is granted. The propriety of plaintiffs' cross-motion is a separate inquiry and is addressed below.

## II.      Plaintiffs' Motion to Add Dr. Anto as a Defendant to the Original Complaint

Rule 15 of the Federal Rules of Civil Procedure instructs that courts should freely give plaintiffs leave to amend their complaint "when justice so requires," Fed. R. Civ. P. 15(a)(2), and Rule 20 provides that "[p]ersons . . . may be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20(a)(2). Section 1447 of Title 28 of the United States Code states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Both plaintiffs and defendants agree, as does the court, that plaintiffs' proposed claim against Dr.

Anto alleges questions of law and fact common to both Dr. Anto and the defendants, and arises out of the same series of transactions or occurrences. Joinder is appropriate under Rule 20.

The question thus becomes whether allowing joinder and remanding to state court under Section 1447(e) would "comport with principles of fundamental fairness." *Sonn v. Wal-Mart Stores, Inc.*, No. 06-cv-1816, 2006 WL 2546545 at *2 (E.D.N.Y. Sept. 1, 2006) (citations omitted); *see also Briarpatch Ltd. v. Pate*, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000). In this circuit, courts only consider diversity-destroying joinder to be fundamentally fair when the following factors weigh in favor of the party seeking joinder: "(1) any delay, and the reasons for delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiff's motivation in moving to amend." *Da Cruz v. Towmasters of New Jersey, Inc.*, 217 F.R.D. 126, 134 (E.D.N.Y. 2003) (quoting *Rosenthal v. Life Fitness Co.,* 977 F. Supp. 597, 600 (E.D.N.Y. 1997). Each factor will be considered in turn.

A.      *Plaintiff's Delay in Seeking Joinder*

Delay is measured from the date of removal. *Id*. (citing *Rosenthal*, 977 F. Supp. at 600). The case was removed to this court on August 23, 2007, and plaintiffs moved for joinder on November 26, 2007, more than three months later. Plaintiffs offer no explanation for this delay other than to state that "[b]ringing a claim only after discovery is had or based upon a subsequently developed theory is not a novel idea but necessary in litigation as certain facts are only known to defendants and are unknown to plaintiffs at the commencement of the action." (Pl. Rep. Aff. ¶ 14.) While this statement is undoubtedly correct, plaintiffs point to no recently discovered fact or piece of evidence that justifies their three-month delay. *Cf. Wilson v. Famatex GmbH*, 726 F. Supp. 950, 952 (S.D.N.Y. 1989) (finding that plaintiffs' delay in seeking joinder

5

did not weigh against them because "when they filed their complaint, they had no reason to believe that [their doctor] had committed malpractice"). The possibility that plaintiffs' injuries resulted from Dr. Anto's negligence or malpractice was just as well known to plaintiffs when they filed their complaint as it is now. Accordingly, this factor weighs against allowing the joinder of Dr. Anto.

### B. Resulting Prejudice to Defendants

Notwithstanding plaintiff's delay, this case is still in its preliminary stages, and there is no reason to believe that a remand to state court would prejudice the defendants in any material way. *See Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 364 (S.D.N.Y. 2003); *Rosenthal*, 977 F. Supp. at 600. This lack of prejudice, which defendants do not dispute, weighs in favor of granting plaintiffs' motion.

### C. Risk of Multiple Litigation

The court is aware that a denial of plaintiffs' cross-motion may well result in parallel state court litigation, a factor that must be considered. The situation, however, easily could have been avoided had plaintiffs named Dr. Anto in their original state court complaint. As such, the court finds that this factor only lends plaintiffs meager support.

### D. Plaintiffs' Motivation

Plaintiffs' dilatoriness, while not prejudicial to the defendants, does offer insight into another relevant factor, namely, plaintiffs' motivation in seeking to amend. Plaintiffs filed their lawsuit in state court on July 25, 2007. Given that Dr. Anto was Mr. Deutchman's treating physician, plaintiffs no doubt were aware of his involvement in the facts giving rise to plaintiffs' alleged injuries, yet they chose not to name him as a defendant until well after the case had been

removed to federal court. When plaintiffs did ultimately seek joinder, their explicit request to the court was to "join[] Dr. Anto as a party defendant, thus destroying subject matter jurisdiction and requiring a remand to state court." (Pl. Aff. ¶ 2.) It is well established that "a principal desire to destroy federal diversity jurisdiction is an impermissible motive." *Nazario*, 295 F. Supp. 2d at 364 (citing *Rosenthal*, 977 F. Supp. at 601). Plaintiffs argue in their reply that their "only motive is to seek justice for the plaintiff[s] whether it is against the defendants or [to] preserve plaintiff's [sic] cause of action against an essential party (Dr. Anto) who defendants and plaintiffs allege has committed negligence," (Pl. Rep. Aff. ¶ 15), and that their "primary motivation is [their] belief that Dr. Anto is a necessary party," (*id.* at ¶ 18). The court remains unconvinced.

In an October 3, 2007 letter, plaintiffs explained to the court that their "position is that Dr. Anto provided a proper prescription and only through the negligence, incompetence and failure of the *defendants* to follow proper procedure did the defendants dispense toxic levels of a drug never prescribed." (ECF Docket Entry 19 at 2.) Similar remarks were made at the November 1, 2007 pre-motion conference. Having been provided with no credible explanation for plaintiffs' complete about-face over the span of several weeks, the court is forced to conclude that plaintiffs' sole purpose in seeking to join Dr. Anto is to frustrate the defendants and to deprive the court of jurisdiction over this dispute.[1] Unlike in *McIntyre v. Codman & Shurtleff, Inc.*, upon which plaintiffs rely, plaintiffs' motivation does not appear to be based primarily upon

---

[1] Plaintiffs also argue that other non-diverse defendants may need to be added as discovery progresses, specifically, the pharmacists working in defendants' pharmacy in Troy, New York, where Mr. Deutchman's prescription was filled. Had plaintiffs genuinely thought it worth their while to seek recovery against such pharmacists in their individual capacities, however, they easily could have named them as "John Doe" defendants in the original complaint.

a desire to avoid multiple litigation.  *See* 103 F.R.D. 619, 623 (S.D.N.Y. 1984).  The court finds that this factor weighs heavily against allowing plaintiffs to join Dr. Anto.

> *E.      Balancing the Factors*

As explained above, plaintiffs' unexplained delay in seeking to amend the complaint, and their motivation for so doing, weigh firmly against granting their motion, and the lack of prejudice to the defendants and the possibility of duplicative litigation weigh in favor of granting the motion.  On the balance, however, the court finds that these factors tilt in defendants' favor, as plaintiffs' concern with having to pursue a separate state court lawsuit against Dr. Anto must be viewed against the backdrop of their decision to omit him as a defendant in their original complaint despite being fully cognizant of his involvement in the facts giving rise to plaintiffs' alleged injuries.  Moreover, plaintiff's primary interest in adding Dr. Anto at this juncture appears to be for the impermissible purpose of destroying diversity jurisdiction in a case properly removed to this court.  Plaintiffs' cross-motion is thus denied.

## III.    Conclusion

For the foregoing reasons, defendants' motion to implead Dr. Anto as a third-party defendant is granted, and plaintiffs' motion to add Dr. Anto as a defendant to the original complaint is denied.

SO ORDERED.

DATED:      Brooklyn, New York
            August 11, 2008

                            _____/s/_____
                                 DORA L. IRIZARRY
                              United States District Judge

8